REX BUGGY COMPANY v. ROSS.

Opinion delivered October 29, 1906.

1. SALE—PURCHASER'S RIGHT TO POSSESSION.—Where a carload of goods was purchased on credit, with the title retained in the seller until paid for, and the purchaser executed his notes in compliance with the contract, he was entitled to the possession of the goods and to retail the same in due course of trade until he failed to comply with the conditions of the sale. (Page 390.)

2. TRIAL—INSTRUCTION—HARMLESS ERROR.—It was not prejudicial error, in a suit against a merchant alleged to be insolvent, to define insolvency as a general inability of a merchant to pay his debts, though the instruction should not have limited insolvents to the class of merchants. (Page 391.)

3. INSOLVENCY—EVIDENCE.—It was not error to instruct the jury that the protest of a merchant's note, while a circumstance to be considered, is not conclusive evidence of insolvency. (Page 391.)

Appeal from Pulaski Circuit Court, Second Division; *Ed-ward W. Winfield,* Judge; affirmed.

*H. F. Auten* and *Carmichael, Brooks & Powers,* for appellant.

1. It appears by appellee's own testimony that he had sold some of the goods, and had made no remittance therefor. This was a breach of the contract, which released appellant and gave it the right to demand a new contract. Anson on Contracts, (2 Ed.), 363; 60 C. C. A. 623; 125 Fed. Rep. 892; Lawson on Contracts (2 Ed.), 531. The breach was sufficient to justify

appellant in stopping the car. By his own testimony appellee was insolvent. Insolvency is not dependent upon formal adjudication. A debtor is insolvent who is unable to pay his debts as they fall due in the ordinary course of business. 46 Atl. 328; 13 Fed. Cas. 299; 83 U. S. 584; 20 Conn. 53; 30 Ark. 378.

2. It was error in the 7th instruction to call the jury's special attention to the protest of the note, leaving out all other facts of insolvency shown in the record, and to tell the jury that this was not conclusive. 57 Ark. 512; 74 Ark. 452; 50 Ark. 477; Century Dict., "Conclusive."

*Morris M. Cohn,* for appellee.

1. Appellant's contention that there was a breach of contract on the part of appellee is unreasonable. The sale of buggies in February had nothing to do with the buggies replevied in this case. As to his being insolvent, appellee is unimpeached in his showing that he was worth from $15,000 to $18,000 above all his debts, in bills receivable, merchandise and real estate. 62 Ark. 22.

2. It was proper to give the seventh instruction; but, if it was objectionable, appellant should have pointed out its specific grounds of objection, and should have asked for a correct instruction. 47 Ark. 196. If on the whole case the verdict is right, it is immaterial that the instruction was misleading. 54 Ark. 289; 56 Ark. 594; 62 Ark. 228.

BATTLE, J. The Rex Buggy Company sold to Charles H. Ross two carloads of buggies. Each carload was purchased under separate orders and at different times. This action was brought by the company against the St. Louis, Iron Mountain & Southern Railway Company and Ross for the possession of the carload purchased last. The complaint in the action contains allegations as to the first carload. But, as the purchases of the two carloads were separate transactions, they should have been omitted, and we shall say nothing about them. Plaintiff alleges that it sold to Ross a certain carload of buggies on condition that the title should remain in plaintiff until they were paid for, and that they should be sold at retail by Ross, and the proceeds of each buggy as sold should be delivered to it; that it shipped the carload to Ross on the 14th of April, 1904, in a car No. 13,549 of the St. Louis, Iron Mountain & Southern Railway

Company, at the same time forwarding the bill of lading executed therefor to Ross; that the carload was of the value of $2,142.50; that thereafter, and before the buggies were delivered by the railway company, learning that Ross was insolvent, it stopped the goods *in transitu* in the possession of the railway company; that the defendants, although requested to do so, refused to deliver possession to the plaintiff; and that it is entitled to the possession thereof.

The defendant Ross answered, and denied that he was insolvent, and that plaintiff had the right to stop the buggies *in transitu;* admitted that he purchased the buggies; that he has the bill of lading therefor; and claims the same, and offered to comply with the terms of the sale; and alleged that he was damaged by being deprived of the sale and possession of the goods in the sum of $1,000, and asked for judgment.

By consent of all the parties the action as to the railway company was dismissed.

A jury tried the issues in the case, and, after hearing the evidence adduced by both parties and the instructions of the court, returned a verdict in favor of the defendant, Ross, for $250 damages. Plaintiff appealed.

Appellant contends that the verdict was not sustained by sufficient evidence.

The buggies were sold conditionally to appellee, appellant retaining the title until the purchase money was paid. They were sold to be retailed in the regular course of trade, with the understanding that the proceeds of the sale should remain the property of the buggy company until the purchase price was paid. Ross agreed to execute his promissory note for the price of the buggies, upon receipt thereof, payable in four months after date, with the privilege of renewing his note for one-half of the price at maturity, payable at the expiration of four months thereafter. Upon executing the notes he was entitled to the possession of the goods and to retail the same in due course of trade until he failed to comply with the conditions of the sale to him. *Columbus Buggy Company* v. *Turley,* 73 Miss. 529; *Rogers* v. *Whitehouse,* 71 Me. 222.

Evidence was adduced in the trial which tended to prove that appellee was solvent at the time of the sale, and thereafter

so continued; that he offered to comply with the terms of his purchase; that he claimed the carload of buggies, insisted upon his title to the same, and refused to give them up; and that appellant sued out an order of delivery in this action, and by means thereof obtained possession of the buggies, and ever thereafter held the same, to his damage in a sum as much as or more than the amount of the verdict.

The evidence was sufficient to sustain the verdict.

Appellant also insists that the court erred in instructing the jury, over its objections, as follows:

"Insolvency is a general inability of a merchant to pay his indebtedness in the ordinary course of business, and the protest of a note, while a circumstance to be considered, is not conclusive evidence of insolvency." The definition of insolvency in this instruction is not correct. Insolvency is not confined to merchants, and it is not necessary to be a merchant to be insolvent. But appellant did not object to this part of the instruction. As appellee was a merchant, this part of it could not have been prejudicial. It objected to the latter part in which the court told the jury that the protest of a note is not conclusive evidence of insolvency. In this part the court told the jury that the protest was a circumstance to be considered, but it did not exclude from their consideration all other evidence upon the same subject— that it was not conclusive. This is the law, and we can not see how the court committed a prejudicial error in telling the jury so.

Judgment affirmed.